UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH KELLY,

    Petitioner,

v.

RON DAVIS, Warden,

    Respondent.

No. C 15-1746 MEJ (PR)

**ORDER TO SHOW CAUSE; GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; DENYING MOTION FOR EVIDENTIARY HEARING**

Dkt. Nos. 2, 4, 8

Petitioner, a state prisoner incarcerated at San Quentin State Prison, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from Alameda County Superior Court.[1] He also seeks to proceed in forma pauperis under 28 U.S.C. § 1915. For the reasons that follow, the court orders respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, petitioner was convicted by a jury of first degree murder in 2011. He was sentenced to fifty-one years to life in state prison. Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California, which denied review in 2013. Petitioner also filed various habeas petitions in the state courts. The instant action was filed on April 17, 2015.

---

[1] In accordance with Habeas Rule 2(a) and Rule 25(d) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to substitute Warden Ron Davis as Respondent because he is petitioner's current custodian.

# DISCUSSION

## A. Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

## B. Petitioner's Claims

As grounds for federal habeas relief, petitioner claims that: (1) the trial court erred when it permitted the prosecution to present evidence that petitioner sold drugs; (2) the prosecutor committed misconduct during closing argument by arguing facts not in evidence; (3) the prosecutor committed misconduct during closing argument by misstating the law; (4) the trial court erred when it refused to instruct the jury on the lesser included offense of voluntary manslaughter based on provocation or heat of passion; (5) defense counsel rendered ineffective assistance by failing to move to discharge two jurors for misconduct; (6) the prosecutor committed misconduct by confiscating from petitioner's cell his confidential communications with trial counsel; (7) the prosecutor committed misconduct by presenting false evidence at trial; (8) defense counsel rendered ineffective assistance by failing to object to the use of a suggestive pretrial identification procedure; (9) appellate counsel rendered ineffective assistance by failing to challenge the prosecution's use of hearsay statements; and (10) defense counsel rendered ineffective assistance by failing to ask the trial court to permit him to continue his closing argument after lunch, rather than end it prematurely.

Liberally construed, these claims are cognizable for federal habeas review. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally). The court orders respondent to show cause

why the petition should not be granted as to the above issues.

### C. Motion for Evidentiary Hearing

Petitioner has filed a motion for an evidentiary hearing. An evidentiary hearing does not appear necessary at this time. Accordingly, petitioner's motion is DENIED without prejudice to the court's *sua sponte* reconsideration should the court later find an evidentiary hearing necessary following consideration of the merits of petitioner's claim.

## CONCLUSION

1. The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto (docket no. 1), as well as a magistrate judge jurisdiction consent form upon the respondent and the respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within **ninety-one (91)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty (30)** days of the date the answer is filed.

3. Respondent may file, within **ninety-one (91)** days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **twenty-eight (28)** days of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within **fourteen (14)** days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the court must be served on

3

respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). See Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

    5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

    6. Petitioner's motions to proceed in forma pauperis (docket Nos. 2, 4) are GRANTED. His motion for an evidentiary hearing (docket No. 8) is DENIED.

This order terminates Docket Nos. 2, 4, and 8.

IT IS SO ORDERED.

DATED: July 23, 2015

Maria-Elena James
United States Magistrate Judge