UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH KELLY,

    Petitioner,

  v.

JEFFREY BEARD,

    Respondent.

Case No. 15-cv-01746-EMC

**ORDER OF DISMISSAL**

Docket No. 20

## I.   INTRODUCTION

Joseph Kelly filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the habeas petition as untimely, and Mr. Kelly has opposed the motion. For the reasons discussed below, the Court dismisses the action as untimely because the statute of limitations deadline expired ten months before Mr. Kelly filed his habeas petition.

## II.   BACKGROUND

Mr. Kelly was convicted in Alameda County Superior Court of first degree murder, and was found to have personally used and intentionally discharged a firearm causing great bodily injury and death. He admitted having suffered a prior prison term. On March 18, 2011, he was sentenced to a total term of 51 years to life in state prison.

Before he was even sentenced, Mr. Kelly filed a habeas petition in the Alameda Superior Court on February 21, 2011, which was denied on March 22, 2012 because the appeal had been filed by then and the court file was at the court of appeal. (State Habeas Petition # 1.) Mr. Kelly appealed and, during the pendency of the appeal, filed two state habeas petitions. On December 21, 2012, the California Court of Appeal affirmed the judgment of conviction. Also on December

21, 2012, the court denied Mr. Kelly's habeas petition (i.e., Case No. A135116). (State Habeas Petition # 2.) On March 27, 2013, the California Supreme Court denied Mr. Kelly's petition for review. Docket No. 1-1 at 2. On August 28, 2013, the California Supreme Court denied his habeas petition (i.e., Case No. S211363) that had been filed on January 30, 2013. Docket No. 1-1 at 35. (State Habeas Petition # 3.)

Mr. Kelly filed another round of state habeas petitions after his appeal finished. He filed a habeas petition on January 14, 2014, in the Alameda County Superior Court that was denied on March 18, 2014. (State Habeas Petition # 4.)[1] Docket No. 1-1 at 36-38. The superior court denied the petition on several grounds, including that it was untimely. *Id.* Mr. Kelly filed a habeas petition (i.e., Case No. A141957) in the California Court of Appeal on May 30, 2014, that was denied on June 19, 2014. (State Habeas Petition # 5.) Mr. Kelly filed a habeas petition (i.e., Case No. S222143) in the California Supreme Court on October 24, 2014, that was denied on January 14, 2015. (State Habeas Petition # 6.)[2]

Mr. Kelly filed a third round of habeas petitions in state court, which partially overlapped the second round. Mr. Kelly filed a habeas petition (i.e., Case No. A142960) in the California Court of Appeal on September 12, 2014, that was denied on October 2, 2014. (State Habeas Petition # 7.) Mr. Kelly filed a habeas petition (i.e., Case No. S225350) in the California Supreme

---

[1] The Alameda County Superior Court order identifies the filing date of the habeas petition as January 14, 2013, but the year appears to be a typographical error and should be 2014 rather than 2013. Although neither party submitted a copy of the petition, there are several reasons supporting the determination that the filing date was January 14, 2014 rather than January 14, 2013. First, the text of the order refers to a fifteen-month delay after an October 2012 letter before the petition was filed. *See* Docket No. 1-1 at 37. January 2014, rather than January 2013, is fifteen months after October 2012. The October 2012 date is not erroneous because it is based on a letter dated October 16, 2012, and that letter is in the file. Docket No. 1-3 at 2. Second, the superior court denied the petition without ordering briefing, which makes it much more likely that its decision was issued three months rather than fifteen months after the petition was filed. Third, Mr. Kelly's petition for review was denied by the California Supreme Court on March 27, 2013, and Mr. Kelly states that he filed the petition in the superior court after the denial of his petition for review. *See* Docket No. 21 at 5.

[2] Mr. Kelly argues that, after the California Court of Appeal denied his habeas petition on June 19, 2014, he sought review in the California Supreme Court, which "remanded Kelly's case back to the California Court of Appeal, which was subsequently denied on October 2, 2014." Docket No. 21 at 5. His exhibits do not show the existence of any remand from the California Supreme Court to the California Court of Appeal. Nor do the docket sheets on the California court website, http://appellatecases.courtinfo.ca.gov/.

Court on March 24, 2015, that was denied on July 15, 2015, with a citation to *In re Clark*, 5 Cal. 4th 750, 767, 769 (1993) (successive petitions not permitted).  (State Habeas Petition # 8.)

Mr. Kelly then filed his federal habeas petition.  His federal habeas petition has a proof of service showing that he mailed it to the court on April 9, 2015.  Docket No. 1-4 at 45.  The petition was stamped "filed" at the courthouse on April 17, 2015.  Docket No. 1 at 1.  Applying the prison mailbox rule, the Court assumes for present purposes that Mr. Kelly gave his petition to prison officials to mail on the date he signed the proof of service, and deems the petition to have been filed as of April 9, 2015.  *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule provides that *pro se* prisoner's filing of a document is deemed to have occurred when he gives it to prison officials to mail to the court).

### III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which:  (1) the judgment became final after the conclusion of direct review or the time has passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The limitations period in this case began when the judgment became final upon "the expiration of the time for seeking [direct] review."  28 U.S.C. § 2244(d)(1)(A).  "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires."  *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).  The California Supreme Court denied Mr. Kelly's petition for review on March 27, 2013.  His conviction became final 90 days thereafter, on June 25, 2013, because he did not petition for writ of certiorari.  *See*

3

*Greene v. Fisher*, 132 S. Ct. 38, 44 (2011) ("Finality occurs when direct state appeals have been exhausted and a petition for writ of certiorari from this Court has become time barred or has been disposed of"); *see also* Cal. Rule of Court 8.366(b), 8.500(e). However, Mr. Kelly also had State Habeas Petition # 3 pending in the California Supreme Court on June 25, 2013, so the clock on his one-year limitations which otherwise would have started the next day (i.e., June 26, 2013) was paused until the California Supreme Court denied Habeas Petition # 3 on August 28, 2013.

Mr. Kelly argues that the limitations period does not begin until the expiration of the period during which a defendant could file a petition for writ of habeas corpus in the U.S. Supreme Court and he has not taken that step yet. Docket No. 21 at 7. He appears to contend that he can prevent the one-year limitations period from ever starting by not filing a petition for writ of certiorari. This view is incorrect. There is a set time limit of 90 days to file a petition for writ of certiorari after the California Supreme Court denies review. Even though Mr. Kelly did not petition for writ of certiorari, his 90-day time limit to do so expired on June 25, 2013, and at that point a petition for writ of certiorari became "time barred." *Greene*, 132 S. Ct. at 43.

The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

The limitations period, which technically started on June 26, 2013, immediately was tolled because of the pendency of State Habeas Petition # 3, which had been filed while the petition for review was pending. Once State Habeas Petition # 3 was denied on August 28, 2013, the one-year period resumed (with 365 days left).

State Habeas Petition # 4 results in no statutory tolling because it was denied as untimely. The Alameda County Superior Court rejected State Habeas Petition # 4 as untimely (as well as on the merits), with a citation to *In re Robbins*, 18 Cal. 4th 770, 780 (1998), and other cases. *See* Docket No. 1-1 at 37. A *Robbins* citation is the shorthand used by California courts to signal that a petition has been rejected as untimely. *See Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007) (denial of petition with citation to *Robbins* at the page on which opinion discusses timeliness determinations was clear denial on timeliness grounds). "When a postconviction

4

1  petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."
2  *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (citing *Carey v. Saffold*, 536 U.S. 214, 226
3  (2002)). As in *Pace*, "[b]ecause the state court rejected petitioner's [postconviction] petition as
4  untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."
5  *Id.* at 417; *see also Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011) (no statutory tolling for
6  petition rejected as untimely by California Supreme Court because petition was not "properly
7  filed"; the fact that California's timeliness rule frequently requires consideration of diligence does
8  not matter); *Thorson*, 479 F.3d at 645 (denial of petition with citation to *Robbins* at the page on
9  which opinion discusses timeliness determinations was clear denial on timeliness grounds and
10  therefore petition was neither "properly filed" nor "pending"). The Alameda County Superior
11  Court's denial of Mr. Kelly's State Habeas Petition # 4 as untimely strips that petition of any
12  tolling effect. He thus is not entitled to statutory tolling for the days during which that petition
13  (Petition # 4) was awaiting decision in the Alameda County Superior Court. Mr. Kelly also is not
14  entitled to any tolling for his later state habeas petitions in the California Court of Appeal and the
15  California Supreme Court during that round of petitions (i.e., State Habeas Petitions # 5 and # 6)
16  because their summary denials created a presumption, unrebutted by Mr. Kelly, that those courts
17  agreed with the lower court's determination on the timeliness question. *See Curiel v. Miller*, 780
18  F.3d 1201, 1203-04 (9th Cir. 2015); *id.* at 1204 (when the California Supreme Court denies the
19  petition summarily, it is presumed that court agreed with the lower court's determination on the
20  timeliness question unless "strong evidence" rebuts this presumption).

21  Since State Habeas Petitions # 4, # 5, and # 6 had no tolling effect, the one-year limitations
22  period for Mr. Kelly to file his federal habeas petition continued untolled and expired on August
23  28, 2014, before State Habeas Petition # 6 was even filed.

24  State Habeas Petitions # 6, # 7 and # 8, filed after the limitations period expired on August
25  28, 2014 -- a year after Petition # 3 was denied -- resulted in no statutory tolling. Petitions filed
26  after the limitations period has already expired have no tolling effect under § 2244(d)(2). *See*
27  *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("§ 2244(d) does not permit the
28  reinitiation of the limitations period that has ended before the state petition was filed," even if the

5

state petition was timely filed).

The one-year limitations period can be equitably tolled because § 2244(d) is not jurisdictional. *Holland v. Florida*, 560 U.S. 631, 645 (2010). '[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 655 (quoting *Pace*, 544 U.S. at 418; *see also Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006). Mr. Kelly has not shown any reason to equitably toll the limitations period.

Mr. Kelly's federal petition for writ of habeas corpus filed on April 9, 2015 was filed more than seven months after the expiration of the federal habeas statute of limitations period on August 28, 2014 (more than nineteen (19) months after State Habeas Petition # 3 was denied). The instant petition must therefore be dismissed as untimely.

Mr. Kelly argues that the citation to *In re Clark* in the order denying State Habeas Petition # 8 is not an adequate and independent procedural bar. This argument misses the mark because Respondent does not argue that Mr. Kelly's federal habeas petition is procedurally defaulted; he only argues that it is untimely. Regardless of the adequacy and independence of the *Clark* bar, State Habeas Petition # 8 was filed too late to help Mr. Kelly.

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

///
///
///
///
///
///
///
///

## IV. CONCLUSION

Respondent's motion to dismiss is **GRANTED**. (Docket # 20.) This action is dismissed because the petition for writ of habeas corpus was not filed before the expiration of the habeas statute of limitations period. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: June 20, 2016

_____
EDWARD M. CHEN
United States District Judge