United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH KELLY,

   Petitioner,

  v.

JEFFREY BEARD,

   Respondent.

Case No. 15-cv-01746-EMC

**ORDER DENYING PETITIONER'S RULE 60(b) MOTION**

Docket No. 30

On June 20, 2016, the Court dismissed Joseph Kelly's *pro se* petition for writ of habeas corpus as barred by the statute of limitations and entered judgment. Just short of a year later, Mr. Kelly filed a motion for relief from the judgment under Federal Rule of Civil Procedure 60(b), asserting several grounds for relief from the judgment. Docket No. 30. Before turning to his specific arguments, it is helpful to summarize the chronology and the analysis in the order of dismissal.

A. <u>The Order Of Dismissal</u>

The order of dismissal provided the chronology of relevant events in state and federal court. Below is a truncated version of the chronology presented at more length in the order of dismissal:

Mr. Kelly was sentenced in March 2011, after being found guilty of first degree murder. His conviction was affirmed on December 21, 2012. The California Supreme Court denied his petition for review on March 27, 2013. Mr. Kelly also filed eight state habeas petitions, including three filed before the appeal had concluded.

Before he was even sentenced, Mr. Kelly filed State Habeas Petition # 1 in the Alameda Superior Court on February 21, 2011; that petition was denied on March 22, 2012 because the

1 appeal had been filed by then and the court file was at the court of appeal. During the pendency of
2 his appeal, he filed two more state habeas petitions. On December 21, 2012, the California Court
3 of Appeal affirmed the judgment of conviction, and denied Mr. Kelly's State Habeas Petition # 2,
4 which had been filed on April 16, 2012. On March 27, 2013, the California Supreme Court denied
5 Mr. Kelly's petition for review. Mr. Kelly filed State Habeas Petition # 3 in the California
6 Supreme Court on January 30, 2013; the petition was denied on August 28, 2013.

Mr. Kelly filed another round of state habeas petitions after his appeal finished. He filed State Habeas Petition # 4 on January 14, 2014 in the Alameda County Superior Court; the petition was denied on March 18, 2014 on several grounds, including that it was untimely. Mr. Kelly filed State Habeas Petition # 5 in the California Court of Appeal on May 30, 2014; the petition was denied without comment or citation on June 19, 2014. Mr. Kelly filed State Habeas Petition # 6 in the California Supreme Court on October 24, 2014; the petition was denied without comment or citation on January 14, 2015.

Mr. Kelly filed a third round of habeas petitions in state court, which partially overlapped the second round. Mr. Kelly filed State Habeas Petition # 7 in the California Court of Appeal on September 12, 2014; the petition was denied without comment or citation on October 2, 2014. Mr. Kelly filed State Habeas Petition # 8 in the California Supreme Court on March 24, 2015; the petition was denied on July 15, 2015, with a citation to *In re Clark*, 5 Cal. 4th 750, 767, 769 (1993) (successive petitions not permitted).

Mr. Kelly then filed his federal habeas petition. His federal habeas petition is deemed to have been filed on April 9, 2015, the date he mailed it to the courthouse.

In the order of dismissal, the Court determined that the limitations period would have begun on June 26, 2013, the day after the judgment became final upon the expiration of the time for seeking direct review. *See* Docket No. 22 at 3. "However, Mr. Kelly also had State Habeas Petition # 3 pending in the California Supreme Court on June 25, 2013, so the clock on his one-year limitations period which otherwise would have started the next day (i.e., June 26, 2013) was paused until the California Supreme Court denied Habeas Petition # 3 on August 28, 2013." *Id.* at 4. Once State Habeas Petition # 3 was denied on August 28, 2013, the one-year period in which to

file a federal habeas petition resumed (with 365 days left).

The order of dismissal mentioned that 28 U.S.C. § 2244(d)(2) provided that the limitations period could be tolled for the time during which a "properly filed" state habeas petition was pending. Mr. Kelly received no such statutory tolling under § 2244(d)(2) for State Habeas Petitions # 4, # 5, and # 6 because they had been rejected as untimely and therefore were not "properly filed." He also received no statutory tolling under § 2244(d)(2) for State Habeas Petitions # 6, # 7 and # 8 because they were filed after the limitations period had expired. (The statutory tolling ruling is discussed in more detail later in this order.)

The order of dismissal also mentioned that the limitations period could be equitably tolled if the petitioner established "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" Docket No. 22 at 6 (quoting *Holland v. Florida*, 560 U.S. 631, 655 (2010)). Mr. Kelly was not entitled to equitable tolling because he "has not shown any reason to equitably toll the limitations period." Docket No. 22 at 6.

The order of dismissal rejected Mr. Kelly's argument that his claims were not procedurally defaulted: "This argument misses the mark because Respondent does not argue that Mr. Kelly's federal habeas petition is procedurally defaulted; he only argues that it is untimely." Docket No. 22 at 6.

The order of dismissal concluded that the limitations period expired on August 28, 2014, and that Mr. Kelly's federal habeas petition filed on April 9, 2015 was filed more than seven months too late. *Id.* The petition was dismissed as untimely.

This Court and the Ninth Circuit denied a certificate of appealability.

B.  The Rule 60(b) Motion

Mr. Kelly seeks relief from the judgment under Rule 60(b)(1) and (6) based on "excusable neglect or any other reason justifying relief from operation of judgment." Docket No. 30 at 3. He seeks to set aside the order of dismissal and judgment thereon because, after this action was dismissed, he sought help from another inmate "who pointed out the overlooked facts Kelly should have used to prove his writ is timely." Docket No. 30 at 3. His Rule 60(b) motion offers several reasons why his petition should not have been dismissed.

The district court may relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). For Rule 60(b) purposes, "[e]xcusable neglect 'encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence, and includes 'omissions caused by carelessness.'" *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (second alteration in original) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394 (1993)). The Court assumes for purposes of argument that Mr. Kelly's failure on his own to think of reasons he should have offered in opposition to the motion to dismiss amounts to excusable neglect. The Court will consider whether any of those reasons that he has now thought of (with the assistance of another inmate) warrant setting aside the order of dismissal.

1. <u>Statutory Tolling</u>

The order of dismissal contained the following analysis for its conclusion that Mr. Kelly was not entitled to any statutory tolling for the pendency of his state habeas petitions:

> State Habeas Petition # 4 results in no statutory tolling because it was denied as untimely. The Alameda County Superior Court rejected State Habeas Petition # 4 as untimely (as well as on the merits), with a citation to *In re Robbins*, 18 Cal. 4th 770, 780 (1998), and other cases. *See* Docket No. 1-1 at 37. A *Robbins* citation is the shorthand used by California courts to signal that a petition has been rejected as untimely. *See Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007) (denial of petition with citation to *Robbins* at the page on which opinion discusses timeliness determinations was clear denial on timeliness grounds). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (citing *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). As in *Pace*, "[b]ecause the state court rejected petitioner's [postconviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)." *Id.* at 417; *see also Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011) (no statutory tolling for petition rejected as untimely by California Supreme Court because petition was not "properly filed"; the fact that California's timeliness rule frequently requires consideration of diligence does not matter); *Thorson*, 479 F.3d at 645 (denial of petition with citation to *Robbins* at the page on which opinion discusses timeliness determinations was clear denial on timeliness grounds and therefore petition was neither "properly filed" nor "pending"). The Alameda County Superior Court's denial of Mr. Kelly's State Habeas Petition # 4 as untimely strips that petition of any tolling effect. He thus is not entitled to statutory tolling for the days during which that petition (Petition # 4) was awaiting decision in the Alameda County Superior Court. Mr. Kelly also is not

4

> entitled to any tolling for his later state habeas petitions in the California Court of Appeal and the California Supreme Court during that round of petitions (i.e., State Habeas Petitions # 5 and # 6) because their summary denials created a presumption, unrebutted by Mr. Kelly, that those courts agreed with the lower court's determination on the timeliness question. *See Curiel v. Miller*, 780 F.3d 1201, 1203-04 (9th Cir. 2015); *id.* at 1204 (when the California Supreme Court denies the petition summarily, it is presumed that court agreed with the lower court's determination on the timeliness question unless "strong evidence" rebuts this presumption).
>
> Since State Habeas Petitions # 4, # 5, and # 6 had no tolling effect, the one-year limitations period for Mr. Kelly to file his federal habeas petition continued untolled and expired on August 28, 2014, before State Habeas Petition # 6 was even filed.
>
> State Habeas Petitions # 6, # 7 and # 8, filed after the limitations period expired on August 28, 2014 -- a year after Petition # 3 was denied -- resulted in no statutory tolling. Petitions filed after the limitations period has already expired have no tolling effect under § 2244(d)(2). *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("§ 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).

Docket No. 22 at 4-6.

Mr. Kelly argues in his Rule 60(b) motion that the California Supreme Court's rejection of State Habeas Petition # 6 did not rely on the superior court's untimeliness ruling in State Habeas Petition # 4 because the rejection of State Habeas Petition # 4 was based on erroneous factual determinations. Docket No. 30 at 5. He is wrong. As the Court explained in the portion of the order of dismissal block-quoted above, the California Court of Appeal's unexplained rejection of State Habeas Petition # 5 and the California Supreme Court's unexplained rejection of State Habeas Petition # 6 are deemed to have been based on the same untimeliness conclusion used by the superior court to reject State Habeas Petition # 4. Although the conclusion remains the same today, the Court notes an update for the citation for the *Curiel* case mentioned in the block quote. The panel decision in *Curiel v. Miller*, 780 F.3d 1201 (9th Cir. 2015), has been superseded by an en banc decision, *Curiel v. Miller*. 830 F.3d 864 (9th Cir. 2016) (en banc). On the point relevant to Mr. Kelly's case, the law remained the same in the *Curiel* en banc opinion: an unexplained denial of a habeas petition by the California Supreme Court, with no other action by the California Supreme Court, shows that the California Supreme Court agreed with the reasoning of the lower court. *Curiel*, 830 F.3d at 871 ("If it agreed with those courts' conclusions, the California

Supreme Court could have simply issued a postcard denial without explanation or citation, or denied Curiel's petition by citing *Robbins* and *Clark*."). Here, the California Court of Appeal denied State Habeas Petition # 5 without any explanation or citation, and the California Supreme Court denied State Habeas Petition # 6 without any explanation or citation. The California Supreme Court's decision (like that of the California Court of Appeal) therefore is considered to be a rejection for the same reason as the superior court, i.e., because the petition was untimely. Mr. Kelly's disagreement with the superior court's determination that his State Habeas Petition # 4 was untimely does not aid him here because the federal habeas court does not inquire into the correctness of the state court's determination of this matter of state law. "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (alteration in original) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)).

Mr. Kelly next argues that the California Supreme Court did not rely on the superior court's untimeliness determination because the California Supreme Court denied a petition based on the ground that it was successive, not because it was untimely. Docket No. 30 at 5. This argument does not help Mr. Kelly because he is confusing two different rounds of state habeas petitions. The petition that was denied by the California Supreme Court as successive was State Habeas Petition # 8, not State Habeas Petition # 6. As the block quote above explains, the California Supreme Court's rejection of State Habeas Petition # 6 is treated as being a rejection for the same reason as the lower court's rejection of State Habeas Petition # 4, i.e., untimeliness. The order of dismissal did not assume that State Habeas Petition # 8 had been rejected as untimely by the California Supreme Court. State Habeas Petition # 8 was part of a new round of state habeas petitions, and the fact that the California Supreme Court denied State Habeas Petition # 8 as successive does not have any bearing on the meaning of the California Supreme Court's earlier dismissal of State Habeas Petition # 6.

In his Rule 60(b) motion, Mr. Kelly also makes several arguments attempting to overcome an assumed procedural default. He argues that one of his claims in a state habeas petition "alleged a miscarriage of justice, not subject to time bar" and therefore the entire petition was "properly

filed." Docket No. 30 at 5. He further argues that California's procedural bar of untimeliness was inadequate because it was inconsistently applied. Docket No. 30 at 5. These arguments might be appropriate to a procedural default question but are irrelevant to the timeliness of Mr. Kelly's federal habeas petition. As the Court explained in the order of dismissal, Respondent did not move to dismiss the federal habeas petition as procedurally defaulted and instead only moved to dismiss the petition as untimely. *See* Docket No. 22 at 6. *See also Bonner v. Carey*, 425 F.3d 1145, 1148-49 (9th Cir. 2005), *amended*, 439 F.3d 993 (9th Cir. 2006) (state court's imposition of procedural bar of untimeliness, even joined with denial on the merits, means petition was not "properly filed"); *id.* at 1148-49 (the fact that California provides exceptions to its timely-filing requirement does not prevent an application from being considered not "properly filed").

Mr. Kelly further argues that he is entitled to relief from his procedural default because he was not represented by an attorney during state habeas proceedings. *See* Docket No. 30 at 5, citing *Martinez v. Ryan*, 566 U.S. 1 (2012). His reliance on *Martinez* is misplaced because it does not pertain to the timeliness of a petition. "[T]he equitable rule in *Martinez* 'applies only to the issue of cause to excuse the procedural default of an ineffective assistance of trial counsel claim that occurred in a state collateral proceeding' and 'has no application to the operation or tolling of the § 2244(d) statute of limitations' for filing a § 2254 petition." *Lambrix v. Secretary, Fla. Dep't of Corr.*, 756 F.3d 1246, 1249 (11th Cir. 2014); *see also Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014) ("As our discussion shows, the *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period.").

Mr. Kelly has not shown that the Court's determination that he is not entitled to statutory tolling for any of his state habeas petitions was incorrect or should be set aside.

2. <u>Equitable Tolling</u>

Mr. Kelly argues in his Rule 60(b) motion that he should receive 32 days of equitable tolling for his "mailing mishap" that resulted in State Habeas Petition # 7 going to the California Court of Appeal rather than the California Supreme Court. Docket No. 30 at 11. He is not entitled to any equitable tolling for the mailing mishap because the mailing mishap occurred long

after the statute of limitations period had expired. Mr. Kelly's limitations period had expired on August 28, 2014, a couple of weeks before State Habeas Petition # 7 was mailed on September 12, 2014. An event that occurs after the limitations period has expired cannot support equitable tolling because the basic reason for equitable tolling is to excuse a petitioner from missing a deadline because "some extraordinary circumstance stood" in the way of him meeting that filing deadline. *See Holland,* 560 U.S. at 655. Moreover, Mr. Kelly has not explained why it made any difference that the petition went to the wrong court. If the petition had been mailed within the limitations period, the petition would support statutory tolling, regardless of the state court to which it was sent. He is not entitled to tolling, regardless of which court ultimately received that petition.

Mr. Kelly also argues in his Rule 60(b) motion that he should receive four months of equitable tolling based on the limited law library access he had at the prison in Susanville from September through December 2013. *See* Docket No. 30 at 5, 7, 10, 11.[1] In his reply in support of the Rule 60(b) motion, Mr. Kelly muddles the dates, now claiming he experienced intermittent access from April 2011 until August 2014, and states that, from August 2013 to March 2014, [he] was denied full access to the law library." Docket No. 38 at 11. He admits that he was able to access the library four or five times during this period. *See* Docket No. 38 at 3, 11. He does not state how many other times he actually attempted to access the law library during the time period. He also does not show a causal connection between his alleged inability to visit the library more frequently and his failure to timely file his federal petition. The Ninth Circuit has clearly stated, "Ordinary prison limitations on [petitioner's] access to the law library and copier . . . were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner. Given even the most common day-to-day security restrictions in prison, concluding otherwise would permit the exception to swallow the rule . . . ." *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir.

---

[1] In his reply in support of the Rule 60(b) motion, Mr. Kelly muddles the dates, now claiming he experienced intermittent access from April 2011 until August 2014, and states that, from August 2013 to March 2014, [he] was denied full access to the law library." Docket No. 38 at 11. He does declare, however, that he may have received 4-5 days of access during this period. *Id.* And he declares that he had access to outside resources: he "relied on Stanford Law and family members to provide the necessary case law to conduct and complete my research." *Id.*

8

2009). As in *Ramirez*, Mr. Kelly offers no explanation regarding how his limited law library access during the last four months in 2013 made it impossible for him to file a timely federal petition, the deadline for which was in August 2014. *See id.*; *see, e.g.*, *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (per curiam) (prisoner's *pro se* status, law library missing a "handful" of reporter volumes, and reliance on inmate helpers who were transferred away or too busy to attend to his petitions are not extraordinary circumstances "given the vicissitudes of prison life"). Mr. Kelly was able to file state habeas petitions starting in January 2014, which suggests the limitations did not make it impossible to file a federal petition on time. *See Ramirez*, 571 F.3d at 998 (considering fact that prisoner made substantial legal filings in state court during relevant time period in concluding that limited law library and copier access did not make it impossible for him to file federal petition on time). Further, even if he could present evidence that he did not receive any law library access during those four months, it would not change the outcome here because four months of equitable tolling would not make his federal petition timely, given that his federal petition was filed more than seven months too late.

In his reply in support of the Rule 60(b) motion, Mr. Kelly adds an argument that he should receive equitable tolling based on appellate counsel's "excessive delay in providing him the October 2012 summary of Erick Jensen." Docket No. 38 at 4. That summary was provided by appellate counsel to Mr. Kelly in January 2013, *see* Docket No. 30 at 143-44. But the limitations period had not even begun by that date (because the direct appeal was still pending), and therefore could not be equitably tolled.[2]

   3.   Alternative Starting Date For Limitations Period

Mr. Kelly urges that the court should use § 2244(d)(1)(D)'s delayed starting date -- rather

---

[2] Mr. Kelly waited until his reply to add some other arguments, as well. He contends that a petition may be considered even if the statute of limitations deadline has been missed due to his actual innocence. But he makes no showing whatsoever of actual innocence. Apart from the alleged recanting witness, multiple witnesses gave testimony that he was the shooter. Mr. Kelly does not come close to showing actual innocence. Mr. Kelly also raises in his reply that he is entitled to the mailbox rule for his state petitions, as well as his federal petition. To the extent the signature dates or mailing dates were on the materials in the file, the Court did apply the prisoner mailbox rule to the state as well as federal petitions. He has not identified any petition that the Court failed to apply the prisoner mailbox rule where there is a signature date or mailing date in the record.

9

than the date the judgment became final, *see* § 2244(d)(1)(A) -- for his claim that the prosecution presented false evidence, i.e., the testimony of Erick Jensen. Mr. Jensen allegedly recanted after trial when interviewed by Mr. Kelly's investigator. Mr. Kelly learned of the recantation sometime at the end of October 2012, when his investigator provided a written report of his interview of Mr. Jensen, but Mr. Kelly did not obtain a signed declaration from Mr. Jensen until March 9, 2015. *See* Docket No. 30 at 25, 70.[3]

Under § 2244(d)(1)(D), the one-year limitations period does not start until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The factual predicate of a claim is based on a habeas petitioner's knowledge of the facts supporting the claim, and not the evidentiary support for the claim. *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998); *see also Bunney v. Mitchell*, 241 F.3d 1151, 1155 (9th Cir.), *opinion withdrawn on other grounds*, 249 F.3d 1188 (9th Cir. 2001) ("Petitioner's argument in this case conflates her knowledge of the 'factual predicate' of a claim with the development of sufficient evidentiary support to prove the claim. But the text of AEDPA answers Petitioner's argument; under subsection (d)(1)(D), the statute of limitations begins to run when a petitioner knows (or should know through the exercise of due diligence) *the facts* on which a claim is predicated, without reference to when (or if) she can muster evidence sufficient to prove that claim.").

Mr. Kelly argues that the statute of limitations should start on March 9, 2015, when he

---

[3] Mr. Kelly's claims about the allegedly false testimony from Mr. Jensen were first presented in State Habeas Petition # 4. The superior court determined that the claims were untimely because the claims had been known to Mr. Kelly since "sometime at [the] end of October 2012, when an investigator provided a written report of his interview of Eric Jensen," yet Mr. Kelly had unjustifiably waited an additional 15 months to file State Habeas Petition # 4. Docket No. 30 at 70. As an alternative basis to reject the claims about Mr. Jensen's testimony, the superior court determined that Mr. Kelly failed to state a prima facie case because he "failed to prove by a preponderance of the evidence that the trial testimony by Jensen was false and that there is a reasonable probability that, had it not been introduced, the result would have been different. " *Id.* The superior court noted that Mr. Kelly had submitted only a "partial summary of the interview of Jensen," and had not provided a declaration from Mr. Jensen or even a declaration by the investigator summarizing his interview of Mr. Jensen. *Id.* at 71. The superior court further determined that, even assuming arguendo that Mr. Kelly had met his burden to show that false evidence had been presented at trial, he had not demonstrated a reasonable probability of a different result had the evidence not been introduced at trial. *Id.*

1 obtained a declaration from Mr. Jensen. Docket No. 30 at 25-26. But he does not dispute that he
2 knew the important facts supporting the claim before his appeal even concluded and before the
3 limitations period under § 2244(d)(1)(A) even began; that is, he knew of Mr. Jensen's alleged
4 recantation no later than October 2012, when counsel informed him about the investigator's
5 report, or no later than January 2013, when counsel sent him the report -- and both of those dates
6 were before his direct appeal concluded in March 2013 with the denial of his petition for review in
7 the California Supreme Court. *See* Docket No. 38 at 10. The limitations period under §
8 2244(d)(1)(D) is of no help to him because that limitations period would have started in October
9 2012 -- before his appeal even concluded -- when he learned or should have learned of the factual
10 predicate (i.e., that Mr. Jensen allegedly had recanted). The petitioner's efforts to gather evidence
11 for a claim do not delay the deadline for him to get to federal court. *See Flanagan*, 154 F.3d at
12 199 (§ 2244(d)(1)(D) "does not convey a statutory right to an extended delay . . . while a habeas
13 petitioner gathers every possible scrap of evidence" that might support a claim); *Earls v.*
14 *Hernandez*, 403 F. Supp. 2d 985, 989 (C.D. Cal. 2005) ("'It is the actual or putative knowledge of
15 the pertinent facts of a claim that starts the clock running; the accrual of the statute of limitations
16 does not await the collection of evidence which supports the facts.'") (quoting *Brooks v. McKee*,
17 307 F. Supp. 2d 902, 906 (E.D. Mich. 2004)); *see generally United States v. Battles*, 362 F.3d
18 1195, 1198 (9th Cir. 2004) (no delayed start of limitations period under § 2255 for federal
19 petitioner who was not diligent; even though he did not have access to trial transcripts, the facts
20 supporting claims that occurred at the time of his conviction could have been discovered if he "at
21 least consult[ed] his own memory of the trial proceedings"). Mr. Kelly therefore is not entitled to
22 a later starting date under 28 U.S.C. § 2244(d)(1)(D) for any of his claims.

C. No Certificate Of Appealability

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct" in its ruling in the order denying the petition for writ of habeas corpus or in this order. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The denial of the certificate of

appealability is without prejudice to Mr. Kelly seeking a certificate from the United States Court of Appeals for the Ninth Circuit.

D. Conclusion

The motion for relief from the order of dismissal and judgment is **DENIED**. Docket No. 30.

**IT IS SO ORDERED**.

Dated: February 7, 2018

_____
EDWARD M. CHEN
United States District Judge